**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

ROY FLOWERS                                                                              PLAINTIFF
ADC #092225

v.                                            3:22-cv-00178-JJV

TODD HARRELL, Lieutenant/Jail Administrator,
Craighead County Jail, *et al.*                                                      DEFENDANTS

**MEMORANDUM AND ORDER**

## I.      INTRODUCTION

Roy Flowers ("Plaintiff") is a prisoner proceeding *pro se* in this action seeking relief

pursuant to 42 U.S.C. § 1983.   On August 12, 2022, I issued a Partial Recommended Disposition

suggesting some of his claims be dismissed for failing to state a claim upon which may be granted.[1]

(Doc. 8.) On October 21, 2022, the parties consented to proceed before me. (Doc. 22.)

Accordingly, the Partial Recommended Disposition is withdrawn and replaced with this

Memorandum and Order.

## II.     DISCUSSION

In his Amended Complaint, Plaintiff says he contracted Covid-19 while he was in the

Craighead County Jail because it did not take any safety precautions and refused to give him a

mask.   (Doc. 5.)   I conclude, for screening purposes only, he has pled a plausible conditions of

confinement claim against Defendants Lieutenant Todd Harrell, Jail Administrator Keith Bowers,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking
relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court
must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous
or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief
from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

and Sheriff Marty Boyd in their official capacities only. And they have filed an Answer.   (Doc. 12.)

In contrast, I find the remainder of the Amended Complaint fails to state plausible claims for three reasons.   First, Plaintiff's claims against the Craighead County Jail are dismissed with prejudice because it is not a proper defendant in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008).   Second, Plaintiff's claims against Defendants Harrell, Bowers, and Boyd in their individual capacities are dismissed without prejudice because he has not provided any facts explaining how they violated his constitutional rights "through their own individual actions." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Finally, Plaintiff's riot claim that was raised in his original Complaint is dismissed without prejudice as abandoned because he did not renew it in the Amended Complaint.

## III.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.      The August 12, 2022 Partial Recommended Disposition (Doc. 8) is WITHDRAWN as moot.

2.      Plaintiff may proceed with his conditions of confinement claim against Defendants Harrell, Bowers, and Boyd in their official capacities only.

3.      The Craighead County Jail is DISMISSED with prejudice as a party to this lawsuit.

4.      Plaintiff's individual capacity claims against Defendants Harrell, Bowers, and Boyd and his riot claim are DISMISSED without prejudice.

5.      It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 24th day of October 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE