IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| ROY FLOWERS, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 3:22-cv-00178-JJV |
| | * | |
| TODD HARRELL, Lieutenant, | * | |
| Jail Administrator, Craighead | * | |
| County Detention Center, *et al.* | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Roy Flowers ("Plaintiff") filed this lawsuit, pursuant to 42 U.S.C. § 1983, while he was in in the Craighead County Detention Center ("CCDC"). (Doc. 2.) But he is no longer in custody. (Doc. 42.) Plaintiff's remaining claim is that in 2022, Defendants Assistant Jail Administrator Todd Harrell, Jail Administrator Keith Bowers, and Sheriff Marty Boyd violated his constitutional rights by failing to take adequate COVID-19 precautions. (Doc. 5.) Plaintiff is proceeding with these claims against Defendants in their official capacities only. (*Id*.)  All other claims and Defendants have been previously dismissed, and the parties have consented to proceed before me. (Doc. 22, 23.)

Defendants have filed a Motion for Summary Judgment. (Docs. 35-37.) Plaintiff has filed a Response, and Defendants have filed a Reply. (Docs. 38, 41.) After careful review and for the following reasons, the Motion for Summary Judgment is GRANTED, Plaintiff's remaining claim is DISMISSED with prejudice, and this case is CLOSED.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of W. Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    FACTS

The following facts, taken mostly from Plaintiff's deposition, are as follows. (Doc. 37-1). In 2022, Plaintiff was approximately sixty years old and had diabetes, high blood pressure, and high cholesterol. (*Id.* at 10-11, 26, 37-38.)  Prior to his incarceration, Plaintiff received one

COVID-19 vaccine but not a booster. (*Id*.)

On March 3, 2022, Plaintiff was booked into the CCDC on a parole violation and put in quarantine for ten to fourteen days. (*Id*. at 7-8, 12-15, 32; Doc. 37-3.) Sometime thereafter, he was moved to general population and put in cell 14 with another individual. (*Id*.) And he tested negative for COVID-19 on several occasions. (*Id*.)

On July 3, 2022, Emmanuel Sanders was booked into the CCDC. (*Id*. at 15-17, 19-24, 31-34.) Plaintiff says that although Sanders had COVID-19, unknown CCDC booking staff assigned Sanders to cell 13 in general population, which was next to Plaintiff's cell. (*Id*.) When Sanders was put in his cell, an unknown nurse allegedly instructed him not to tell anyone he had COVID-19. (*Id*.) According to Plaintiff, the prisoners in general population, including Sanders, were allowed into a common area approximately four hours a day and the two-person cells had barred doors (instead of solid ones) that allowed germs to pass through. (*Id.*)

On July 17, 2022, Plaintiff filed a grievance saying there were sick inmates who probably had COVID-19 in his pod and that none of the prisoners housed there were given masks. (*Id.* at 33-34.) The following day, on July 18, 2022, Plaintiff sought medical attention for body aches, fatigue, sinus drainage, and a loss of taste. (*Id*. at 10-16, 36-39.) And on that same day, he tested positive for COVID-19. (*Id*.) Approximately a week later, Plaintiff no longer had any symptoms, and on August 26, 2022, he tested negative for COVID-19. (*Id*.) A few days later, on August 29, 2022, Plaintiff was transferred to the Arkansas Department of Correction. (*Id.* at 29.)

IV.   ANALYSIS

Plaintiff alleges Defendants subjected him to inhumane conditions of confinement when they failed to take adequate precautions to prevent him from contracting COVID-19 at the CCDC. *See Helling v. McKinney*, 509 U.S. 25, 31-27 (1993) (exposure to potential illness is a conditions

of confinement claim); *Massick v. N. Cent. Corr. Facility*, 136 F.3d 580, 581 (8th Cir. 1998) (same).  Because the parties agree Plaintiff was in custody at the CCDC for a parole violation, his claims fall under the Eighth Amendment.  *See, e.g., Flores v. Mesenbourg*, Case No. 95-17241, 1997 WL 303277, *1 (9th Cir. June 2, 1997) (the Eighth Amendment standard applies to parole violations because the original convictions are the authority under which the plaintiffs were confined); *Dodd v. Lattimore,* No. 4:18-cv-487-JM-BD, 2018 WL 4346686, at *1 (E.D. Ark. Aug. 30, 2018), *rec. adopted,* 2018 WL 4345255 (applying Eighth Amendment standard because at the time of the alleged constitutional violation the plaintiff was "a convicted, paroled, and re-incarcerated person").  In an Eighth Amendment conditions of confinement claim, a prisoner must prove that: (1) objectively, he was subjected to conditions that created a substantial risk of serious harm to his health or safety; and (2) subjectively, defendants were deliberately indifferent to the risk of harm posed by those conditions.  *See Kulkay v. Roy,* 847 F.3d 637, 642-43 (8th Cir. 2017); *see also Wright v. Gibson,* No. 4:21-cv-00280-KGB-PSH, 2022 WL 4717982, at *5 (E.D. Ark. May 2, 2022), *rec. adopted in part, rejected in part,* 2022 WL 4628444 (E.D. Ark. Sept. 30, 2022) (applying this standard to COVID-19 precautions claim raised by a convicted prisoner); *Tate v. Arkansas Dep't of Corr.*, No. 4:20-cv-558-BSM-BD, 2020 WL 7378805 (E.D. Ark. Nov. 9, 2020), *rec. adopted*, 2020 WL 7367864 (E.D. Ark. Dec. 15, 2020) (same).

Plaintiff is proceeding with this claim against Defendants in their official capacities only, which "must be treated as a suit against the County" itself.  *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).  Because there is no vicarious liability in § 1983 actions, Craighead County can be held liable only if a constitutional violation resulted from: (1) an official policy, (2) an unofficial practice/custom, or (3) a deliberately indifferent failure to train or supervise.  *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695,

699 (8th Cir. 2016).

In his sworn affidavit, Jail Administrator Keith Bowers explains that, in 2022, it was the CCDC's policy to screen incoming prisoners for COVID-19 symptoms and separate positive from negative inmates. (Doc. 37-2.) Plaintiff has not offered any contrary evidence. Instead, during his deposition Plaintiff said he was suing Defendants because they failed to "oversee the jail staff" who put Sanders in general population, which I construe to be the second and/or third type of official capacity claim. (Doc. 37-1 at 29.) To proceed to trial on either, Plaintiff must have evidence of: (1) a custom or pattern of unconstitutional conduct by county employees; (2) deliberate indifference or tacit authorization of such conduct; and (3) causation, *i.e.,* that the custom or pattern of misconduct was a moving force behind the constitutional violation. *Mick,* 883 F.3d at 1079–80; *Brewington,* 902 F.3d at 801-03.

As to the first element, Plaintiff has not presented any evidence the CCDC routinely or often housed prisoners they knew had COVID-19 with those who did not. *See Brewington,* 902 F.3d 796, 801 (8th Cir. 2018) (to satisfy the first element, there must be "evidence of ... a practice, so permanent and well-settled so as to constitute a custom, that existed"); *Corwin*, 829 F.3d at 700 ("[g]enerally, an isolated incident of alleged ... misconduct ... cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983"). To the contrary, Plaintiff said he and other new arrivals were usually placed in quarantine. (Doc. 37-1 at 15-24, 32.)

As for the second element, Plaintiff says an unknown nurse told Sanders not to tell anyone he had COVID-19, which could be construed as deliberate indifference. (*Id.* at 16, 24.) But it is undisputed the medical staff were not County employees. (*Id.*; Doc. 37-2.) Further, Defendant Bowers says in his affidavit he did not know Sanders had COVID-19 or that a nurse allegedly instructed him to not tell others that he had that illness. (Doc. 37-2.) Plaintiff has not produced

evidence to contradict that testimony or otherwise suggest any of the Defendants or County supervisors were subjectively aware prisoners with COVID-19 were being housed near prisoners who did not have that virus.[1]  *See Blair v. Bowersox,* 929 F.3d 981, 989 (8th Cir. 2019) ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation" does not establish deliberate indifference); *Kulkay*, 847 F.3d at 643 (deliberate indifference, which is standard higher than negligence, requires proof of subjective or actual knowledge).  Finally, Plaintiff's evidence of the third element, *i.e.*, that he got COVID-19 from being around Sanders as opposed to other individuals who may have been asymptomatic at the time of exposure, is thin.  In sum, although contracting COVID-19 at Plaintiff's age with his underlying health conditions was a frightening and potentially serious situation, nothing in the record before me suggests a constitutional violation.  Accordingly, I conclude Defendants are entitled to summary judgment.

## V.     CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.     Defendants' Motion for Summary Judgment (Doc. 35) is GRANTED;  his official capacity claim against Defendants Harrell, Bowers, and Boyd is DISMISSED with prejudice; and this case is CLOSED.

2.     I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from

---

[1] In his affidavit, Defendant Bowers says: "I have inquired of the Sheriff and Assistant Jail Administrator Todd Harrell if they had any knowledge that any third-party medical staff advised Mr. Sanders upon entry into the CCDC not to tell anyone he was allegedly COVID-19 positive. They have both advised that they were never informed of such an allegation." (Doc. 37-2 at 2-3.) But that is hearsay.  *See Mick,* 883 F.3d at 1080 (the court cannot consider inadmissible hearsay at summary judgment). Although Defendants Boyd and Harrell have not filed affidavits, it is Plaintiff's burden to prove they had subjective knowledge, and he has not done so.

this Memorandum and Order, as well as the accompanying Judgment would not be taken in good faith.

DATED this 11th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE